# EXHIBIT

# 3

## EMPLOYMENT AGREEMENT

Alliant Manufacturing, LLC, a corporation organized and existing under the laws of Illinois, ("Employer") and Rashid Chaudary, a resident of Illinois, ("Employee") agree concerning the employment of Employee by Employer, as follows:

### I. RECITALS

A. The parties have agreed that Employer shall employ Employee on the terms and conditions in this Agreement and Employee wishes to accept such employment.

B. Employee acknowledges:

1. That by Employee's employment, Employee has obtained, or will obtain, access to confidential information and/or trade secrets of Employer, in addition to special knowledge and familiarity with the needs and requirements of the customers of Employer; and,

2. That the relationship created by Employee's employment with Employer requires Employee to act only in the best interests of Employer during the continuance of such employment relationship and thereafter.

### II. EMPLOYMENT, TERM AND TERMINATION

A. **Employment.** Employer employs Employee to act as Chief Technical Director and Employee accepts such employment with Employer for a period of five (5) years commencing on July 1, 2013 and, except as set forth below, ending June 30, 2018 (the "Term") unless sooner terminated as provided in this Agreement.

B. **Termination.**

1. Employer may terminate this Agreement, including Employee's right to receive compensation or other benefits, for cause immediately upon written notice to Employee, which notice shall state the cause relied upon by Employer. For purposes of this Agreement, "**Cause**" shall be deemed to mean (i) the conviction of Employee of (a) a crime involving fraud or embezzlement or financial dishonesty against Employer or any of its affiliates, or (b) a felony involving willful or malicious conduct, (ii) a material or repeated violation(s) of Employee's obligations under this Agreement; (iii) a material dereliction of duty to Employer or its affiliates, (iv) Employee's gross negligence in the performance of his obligations under this Agreement or (v) any willful act of Employee which (a) brings Employer or any of its affiliates or subsidiaries into public disrepute or disgrace, or (b) causes material harm to the customer relations, operations or business prospects of Employer or any company affiliated with or related to Employer. In the event Employee is terminated pursuant to the terms of this paragraph B.1., Employee shall not be entitled to any further benefits under this Agreement, including, but not limited to, Compensation.

EXHIBIT 3

2. Employer may terminate this Agreement without cause immediately upon written notice to Employee, which termination shall cause all payments to Employee including Compensation to be accelerated and payable on the effective date of such termination. Notwithstanding such termination, Employer shall provide the insurance benefits set forth in Section IV.A.4 below for the remainder of the Term.

3. This Agreement shall automatically terminate upon the happening of any of the following events: (a) the Employee's death; or (b) the Employee's incapacity or inability to carry on the business of his employment for a period of one (1) month.

4. Upon the effective date of any termination of this Agreement, Employee shall vacate Employer's premises and return all property of Employer as provided in Section V.B below of this Agreement.

### III. DUTIES, TIME AND EFFORT

A. **Duties.** Employee is employed as Chief Technical Director. As such, Employee shall perform the following duties: assist in and, to the extent necessary, advise on the manufacturing process; assist in the use and development of formulas; train other employees in the use and development of formulas; assist in the maintenance of Employer's relationships with its customers and vendors; and, perform such other duties as reasonably requested by Employer's Chief Operating Officer or other authorized supervisor.

1. **Time and Efforts.** Employee shall devote Employee's full time and efforts to the business of Employer and shall use Employee's best efforts to promote the interests of Employer. Nothing in this Agreement, however, shall prevent Employee from:

   a) Acting as a member of the board of directors of any charitable, civic or not for profit corporation, or

   b) Investing the personal funds of Employee in any public or, with the prior written consent of Employer, which shall not be unreasonable withheld, privately held company, which does not compete with Employer or any affiliate of Employer.

   c) Employee's hours of employment shall generally span from 10:30 am to 6:00 pm prevailing central time.

### IV. COMPENSATION, EXPENSE REIMBURSEMENT AND BENEFITS

A. **Compensation.** Employee shall be entitled to receive the following compensation:

   1. **Salary.** An annual salary of Three Hundred Thousand Dollars ($300,000.00), such salary to be payable upon the same terms as the salaries of the other salaried personnel of the Corporation.

2. **Reimbursement for Expenses.** Employer shall reimburse Employee for the reasonable expenses incurred by Employee in the furtherance of Employer's business upon the presentation of expense reports containing such detail as Employer deems necessary.

3. **Annual Vacation.** Employee shall be entitled to receive an annual vacation of six (6) weeks during each year of the term of this Agreement.

4. **Insurance Benefits.** Employer shall provide group life, health and disability insurance for Employee and his wife (coverage for Employee's wife shall only be as long as Employee remains employed with Employer) upon the same basis and in the same amounts as provided to other employees of Employer.

V. **NONCOMPETITION AND RETURN OF PROPERTY**

   A. **Covenant Not to Compete.**

   1. **During Employment.** Employee shall not, either directly or indirectly, own, manage, operate, control or be employed by, participate in or be connected in any manner with any competitor of Employer. The parties acknowledge that the Employee owns one (1) share of stock issued by BioCare Labs, Inc., which the parties agree is not a competitor of Employer.

   2. **Following Employment.** Following termination of Employee's employment, and whether voluntary or involuntary, Employee shall not for a period of three (3) years (or if any shorter period be provided by law, then for such period) directly or indirectly:

   a) Be employed by, or perform any services for or on behalf of, any competitor of Employer.

   b) Either on Employee's own behalf or on behalf of any other person, firm, partnership, joint venture, corporation, or other person or entity, contact, solicit any Current Customer of Employer.

   c) Hire, solicit or aid any third party with the hiring or solicitation for hire of any employee of Employer.

   Notwithstanding the foregoing, Employee may, following termination of Employee's employment, own stock in BioCare Labs, Inc., as referenced above, and perform general consulting services to or for the benefit of BioCare Labs, Inc. and SKA Enterprises, Inc. (LABAYK), which is a Current Customer of Employer and is owned and managed by Employee's family members.

   3. **Certain Definitions.** As used in this Agreement the following terms shall have the following meanings:

a) **Competitor:** any person, firm or corporation which competes in any manner with Employer in the continental United States mile radius of the Employer's location or locations.

b) **Current Customer.** Any person, firm or corporation with whom or which Employer has done business or for which Employer has performed services within one (1) year prior to such termination, and any person, firm or corporation parties with whom or which Employer is carrying on active business negotiations at such time.

4. **Reasonableness.** Employee acknowledges that Employee has read the foregoing covenants (the "**Covenants**") and has considered the same and Employee's present and probable future circumstances and that, on the basis of such consideration, Employee agrees that the covenants set forth in this Agreement are reasonable as to scope, duration and geographic limitation. Employee agrees conclusively that the foregoing covenants are reasonably necessary to protect the legitimate proprietary interests of Employer and that the enforcement thereof by Employer will not unreasonably prevent Employee from earning a living or cause Employee undue hardship.

5. **Remedies; Attorney's Fees.** A breach or threatened breach by Employee of this Section V ("**Breach**") shall entitle Employer to pursue the following non-exclusive remedies:

a) If Employee shall then be employed, such Breach shall be grounds for immediate termination for cause of Employee's employment;

b) To obtain an injunction restraining Employee from disclosing in whole or in part from disclosing any Information or from rendering any services to a competitor of Employer or to any other entity to whom or which such Information, in whole or in part, has been or is threatened to be disclosed and/or requiring the return of any property of Employer in the possession of or under the control of Employee; and

c) To recover damages from Employee because of such Breach.

6. **Severability; Blue Penciling.** If any portion of the Covenants contained in this Section V shall be determined by any court of competent jurisdiction to be unenforceable, including by reason of its being extended over too great a period of time, over too great a range of activities, or over too great a geographic area, it shall be interpreted to extend only over the maximum period of time, range of activities, or geographic area as to which it may be enforceable. Each provision and part of a provision shall be deemed a separate and severable covenant. It is the desire and intent of the Parties that this Agreement be enforced to the fullest extent permissible under the laws and public policies applied in each jurisdiction in which such enforcement is sought. A court of competent jurisdiction is directed to modify any provision to the extent necessary to render such provision

enforceable and if such cannot be lawfully done, then to sever any such portion of a provision, but only such portion of a provision, necessary to cause the remaining provisions or portions of provisions to be enforceable.

B.  **Return of Property.**  Upon any termination of Employee's employment, Employee shall immediately, and without the necessity of a demand by Employer, return to Employer all property of Employer in Employee's possession or under Employee's control, including all keys to Employer's premises and company credit cards (which Employee shall cease using upon the sending or receipt of notice of termination of this Agreement).

C.  **Exit Interview.**  Upon termination of Employee's employment, whether voluntary or involuntary, Employee shall submit to an exit interview if such interview is requested by Employer.

## VI.  MISCELLANEOUS

A.  **Incorporation of Recitals.**  The recitals to this Agreement in Section I are incorporated into the parties' agreement.

B.  **Entire Agreement.**  This Agreement contains the entire agreement of the parties with respect to the subject matter hereof and supersedes and replaces all previous negotiations, commitments, writings and agreements among the parties, which are merged herein. This Agreement may be modified only by written instrument executed by the party sought to be bound.

C.  **No Assignment.**  Neither this Agreement nor any rights granted in this Agreement may be assigned by Employee without the prior written consent of Employer. Employer may assign this Agreement to a purchaser of all or substantially all of the assets of Employer.

D.  **Severability.**  If any term, condition, restriction or covenant shall be deemed illegal or unenforceable, all of the other terms, conditions, restrictions and covenants and the application to all persons and circumstances subject hereto shall remain in effect to the extent permitted by law; and if any application of any term, condition, restriction or covenant to any person or circumstance shall be deemed illegal, the application or such term, condition, restriction or covenant to other persons or circumstances shall remain in effect to the extent permitted by law.

E.  **Governing Law.**  This Agreement shall be construed and enforced and all questions concerning compliance by any persons shall be determined under the laws of the State of Illinois  Actions to enforce this Agreement shall be brought in a court of competent jurisdiction in Cook County, Illinois. The parties submit to the jurisdiction of such court and agree that process in any action may be served as notices may be given under this Agreement.

F.  **Notices.**  Notices required or permitted shall be in writing and shall be deemed duly given if delivered personally or, if mailed, by U.S. certified mail, return, receipt requested, postage prepaid to the parties at the following addresses:

| | |
|---|---|
| If to Employer to: | Alliant Manufacturing, LLC<br>18W100 22nd Street, Suite 105<br>Oakbrook Terrace, IL 60181<br>Attention: Rizwan D. Khan<br>e-mail: rizwand.khan@gmail.com |
| With a copy for notice purposes only to: | William D. Kelly, Esquire<br>Kelly & Karras, Ltd.<br>1010 Jorie Boulevard, Suite 100<br>Oak Brook, IL 60523<br>e-mail: billkelly@kellykarras.com |
| If to the Employee: | Rashid Chaudary<br>9155 Forest Edge Drive<br>Burr Ridge, IL 60527<br>e-mail: Rashid.Chaudary@gmail.com |
| With a copy for notice purposes only to: | Gregory J. Jordan<br>Jordan & Zito LLC<br>55 West Monroe Street, Suite 3600<br>Chicago Illinois 60603<br>e-mail: gjordan@jz-llc.com |

Notices delivered personally shall be deemed received when delivered. Notices sent by certified mail shall be deemed received on the third day following deposit in the U.S. mail, postage prepaid. Either party may change the address at which such party receives notices by written notice to the other party.

G.  **Captions.**  Captions used in this Agreement are for convenience only and are not intended to limit or define the scope and intent or any section, paragraph or subparagraph.

H.  **Waiver.**  No failure of Employer to exercise any right or power of Employer given under this Agreement or to insist upon the strict compliance by Employee with Employee's obligations hereunder and no custom or practice of the parties in variance of the terms shall constitute a waiver of Employer's right to demand exact compliance with the terms.

I.  **Gender.**  As used herein and, as appropriate, the masculine shall be deemed to include and the feminine and neuter genders and the singular shall be deemed to include the plural and vice versa.

J.  **Attorney's Fees.**  If Employer or Employee shall sue to enforce this Agreement, the prevailing party shall be entitled to recover all costs incurred by Employer in connection with such action, including, without limitation, court costs and attorneys' fees.

6

Dated this 28th day of June 2013.

**Employee:**
**Rashid Chaudary**

By: _____Rashid Chaudary_____
       Rashid Chaudary

**Employer:**
**Alliant Manufacturing, LLC**

By: _____Rizwan_____
       Rizwan D. Khan
       One of Its Managers